The Honorable George Hopkins State Senator P.O. Box 913 Malvern, AR 72104-0913
Dear Senator Hopkins:
You have requested an Attorney General opinion concerning Act 773 of 1999.
You note that your question is a follow-up question to Attorney General Opinion No. 99-105, in which I opined that under Act 773, it would be legal for a school district to establish a policy that states: "If aschool employee opts to participate in the Teacher Deferred RetirementOption Plan (T-DROP), an amount equal to what would have been theDistrict's required contribution to the Arkansas Teacher RetirementSystem on behalf of that employee, subject to the receipt of such fundsby the local District, will be paid directly to that employee as a fringebenefit for longevity of service."
Your follow-up question is as follows:
 Under Act 773 of 1999, is it legal for a school district to establish a policy that states: "If a certain number of employees of a school district opt to participate in the Teacher Deferred Retirement Option Plan (T-DROP), an amount equal to what would have been the District's total required contribution to the Arkansas Teacher Retirement System (ATRS) on behalf of these T-DROP employees (12%) each year will be incorporated into all employee compensation plans as an employment incentive bonus for all employees"?
You indicate that a specific example of such a policy would be as follows: The district will establish an employee incentive bonus plan which provides that the amount of money that would have been the district's total required contribution each year to ATRS for the employees participating in T-DROP, had they not elected T-DROP, will be distributed in equal dollar amounts to all employees of the district who have ten or more years of service in the district.
It is my opinion that such a policy would be legal.
Act 773 of 1999 states in pertinent part:
 It is the intent of the General Assembly that the employer contribution to the Arkansas Teacher Retirement System that has ceased for a participant in the teacher deferred retirement option plan will become a part of the general operating fund of the school district to be used for any purpose including employee salaries.
Acts 1999, No. 773, § 1 (emphasis added).
As I noted in Opinion No. 99-105 (a copy of which is enclosed), the unambiguous language of the above-quoted section of Act 773 provides that the employer contribution that formerly would have been paid to the Arkansas Teacher Retirement System can be used for any purpose chosen by the school district. The Act states no limitations on the use of those funds.
I am cognizant of the fact that a question may arise as a result of the language of the emergency clause of Act 773. The emergency clause states:
 SECTION 5. Emergency. It is found and determined by the Eighty-second General Assembly of the State of Arkansas that the deferred retirement option (DROP) for the Teacher Retirement System requires no employer contributions by the school districts, that some school districts are unnecessarily expending funds for employees on the DROP, that this threatens the general level of education of all students, especially in small school districts where every dollar is needed, and that this law will immediately correct this situation so school districts will retain all necessary funds for expenditure for the general benefit of the students and not make unnecessary expenditures to benefit certain select employees.
Acts 1999, No. 773, § 5 (Emergency Clause).
The language of the emergency clause of Act 773 indicates that the act was not intended to allow expenditures to benefit "select employees." It is my opinion that expenditures to benefit "select employees" are distinct from expenditures to create across-the-board compensation packages for groups of employees (such as the group that would benefit from the policy statement you have described). As discussed above, an expenditure of this nature is clearly authorized by the language of Section 1 of Act 773, which authorizes expenditures "for any purpose including employee salaries." If Act 773 had been intended to prohibit expenditures for the benefit of select groups of employees, it would have been drafted to make that intent clear, and would not have included the broad authorization that is stated in Section 1, nor would it have given such unlimited discretion to the school districts in determining the use of funds that formerly would have been used for making contributions to the retirement system.
For these reasons, I must conclude that a school district could choose to use the former contribution amount in the manner described by your hypothetical policy.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh